In the Matter of Proving the Last Will and Testament of PAULA HELLER, Also Known as PAULINE HELLER, Deceased.

IVAN GABRICH, Appellant; ERWIN HELLER, Respondent.

First Department, December 2, 1927.

Wills — probate — error to deny probate on negative answer of jury to question whether testatrix declared to each of at least two subscribing witnesses that paper was her last will and testament — testimony shows that decedent stated in presence of witnesses that she knew they came to sign as witnesses "for my last will."

It was error for the court to deny probate of a paper purporting to be the last will and testament of the testatrix, upon the negative answer of the jury to the question whether the testatrix declared to each of at least two subscribing witnesses that the paper offered was her last will and testament, for it appears from the testimony that the testatrix stated in the presence of the witnesses, when asked if she knew what they came for, that she knew they came to sign as witnesses "for my last will." The law does not require that the request to the subscribing witnesses be made in any set form of language.

APPEAL by Ivan Gabrich from a decree of the Surrogate's Court of the county of New York, entered in the office of the clerk of said Surrogate's Court on the 8th day of March, 1927.

*Manfred Nathan,* for the appellant.

*Charles A. Rathkopf* of counsel [*Grauer & Rathkopf,* attorneys], for the respondent.

PROSKAUER, J. The surrogate has denied probate of an alleged will upon the negative answer of a jury to the question as to whether the testatrix declared to each of at least two of the subscribing witnesses that the offered paper was her last will and testament. There were three subscribing witnesses. One of them testified that the decedent stated in the presence of the three of

them, when asked if she knew what they came for, that she knew they came to sign as witnesses " for my last will." The document was based on a printed form, the blanks in which were filled out by one of the subscribing witnesses in the presence of the testatrix and the other two witnesses pursuant to instructions then given by the testatrix to one of the witnesses, partly in English and partly in Slovene, and by him, in turn, dictated to the scrivener. After the document was prepared one of the subscribing witnesses read it aloud to her in the presence of the other two. The instrument began with the conventional phraseology to the effect that the testatrix declared " this to be my last will and testament." The testatrix thereupon read the will herself. This testimony was substantially corroborated by the other two subscribing witnesses and the record discloses no material contradictions in their testimony and no suspicious circumstances. The law does not require that the request to the subscribing witnesses be made in any set form of language. It is sufficient to justify probate if, as here, it is apparent that the testatrix and the witnesses knew that the paper was the last will of the testatrix, that in substance she declared it to be such, and indicated her wish that the subscribing witnesses function. When these essentials appear there is nothing in the policy of the law to justify the defeat of the plain intent of the testatrix.

The decree appealed from should be reversed, the verdict of the jury set aside and a decree made admitting the paper to probate.

DOWLING, P. J., MERRELL, FINCH and McAVOY, JJ., concur.

Decree appealed from reversed, the verdict of the jury set aside and a decree made admitting the paper to probate. Settle order on notice.