In the Matter of the Estate of JAMES BRADLEY, Deceased.

Surrogate's Court, Bronx County, June 29, 1932.

*William C. Stone,* for the proponent.

*Williams & Saxe* [*William O'Shea* of counsel], for the contestants.

*Raymond J. Scully,* special guardian.

HENDERSON, S. This is a contested probate. The propounded paper is in the handwriting of the sole beneficiary except for the signature of the decedent and the signatures and addresses of the two attesting witnesses. It is very short, being written on one side of a sheet of plain paper, and there is no attestation clause. Those present at the execution were the decedent, the sole beneficiary, and the subscribing witness, Abe Knoll. The name of the other subscribing witness is Alice E. McKeon. Knoll's best recollection was that she was not present at the execution of the paper. She testified that she was present, saw the decedent and the other subscribing witness sign and then signed herself. The Decedent Estate Law, section 21, subdivision 4, provides: " There shall be at least two attesting witnesses, each of whom shall sign his name as a witness, at the end of the will, *at the request of the testator.*"

It is evident from the testimony that neither the decedent nor the other three persons who took part in the drawing and execution of this paper were familiar with the statutory requirements for the execution of a will. Knoll read the paper to the decedent, indicated the place for signature, and signed himself, but at no time did the decedent request him to sign as a witness nor was the matter of this man witnessing the will referred to in any manner by the decedent or by any one else in the decedent's presence. The other subscribing witness says that when she entered the decedent's room he greeted her, saying: " Miss McKeon, I believe you have come down in reference to being a witness to my will." This was sufficient to comply with the statute as to Miss McKeon. (*Matter of Heller,* 222 App. Div. 64.) However, that language is no indication that the decedent desired Knoll to function as a subscribing witness. The making of a will is a privilege and it must be executed in the manner prescribed by the Legislature. Not only must the court be satisfied that the decedent honestly intended the instrument offered for probate to be his will, but also that all the statutory requirements pertaining to the execution were complied with. I find that one of the two attesting witnesses to this paper did not sign at the request of the testator.

The decree heretofore entered admitting the paper to probate is vacated, and the letters c. t. a. issued thereunder are revoked. Probate of the propounded paper is denied. Settle decision and decree accordingly.